Per Curiam.

Two questions have been made the subject of discussion. 1. Can an action be sustained upon the case set forth *in the declaration ? 2 Was the evidence sufficient to entitle the plaintiff below to recover ?
As to the first, it appears, from a view of the "whole act for the settlement and relief of the poor, that to prevent the charity of individuals being oppressed and exhausted by heavy burthens, and that an ample and ready relief might be afforded to the indigent, overseers have been appointed in each township, whose duty, under this act, is to see that the poor of every description do not suffer, but are relieved and supported from the funds provided at the general *520 expense. By the ninth section of this act, it is enacted, “that if any poor person shall come from another township into one where he has no settlement, and shall happen to be taken sick or lame, so that he cannot be conveniently moved, that then the overseers of that township shall provide for him, and, by giving notice to the overseers of-the township where he was settled, the expenses shall be repaid.” Shall an individual, then, be placed in a worse situation than a-township ? The spirit and intention of the act of the legislature that makes this provision for the poor man who comes into a foreign township,.should equally apply when he comes-to the house of an individual.' A poor man leaves the poor house, and goes to the house of an inhabitant of the same township, and is there taken in such a situation that, in the words of the act, “ he cannot be conveniently moved,” and notice is given to the overseer of the poor, who refuses to' comply with his duty, and take care of him, is the individual who has permitted him to take shelter under his roof to be reduced to the dilemma, of either encountering himself the whole expense of the pauper, and burthening his family with this superadded charge, or, to avoid this perhaps to him insupportable load, to turn a sick and necessitous fellow creature into the road to starve ? To establish the doctrine for which the plaintiff in error has contended, would neither comport- with good policy, nor with those laws of Christian morality that should afford a rule of conduct in every state.
Upon the second question, it appears, from the evidence set forth in the bill of exceptions, that Doras had actually been a pauper under the charge of the defendant below, who was one of the overseers, and had taken no legal steps-to remove him; that while he was in this situation he wandered to the house of Mr. Budd, who immediately notified the defendant of the *circumstance. This evidence was sufficient to go to the jury, for their decision. They have passed upon it, establishing the truth of the facts *521 upon which the plaintiff rested his case, and ascertaining the damages which he had sustained ; and no grounds have been laid before us to convince us that in either respect they have erred.
Judgment affirmed.